UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRIS JONATHAN EPPERSON,

                Plaintiff,

-against-

UNITED STATES GOVERNMENT, ET AL,

                Defendants.

24-CV-6658 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in California, filed this action *pro se*. The Court grants Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*, but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this complaint invoking the Court's federal question and diversity jurisdiction. He sues former U.S. Presidents Abraham Lincoln, George Washington, Thomas Jefferson, James Madison, and other political figures, past and present. Plaintiff alleges that his claims arose on December 29, 1941, in Pensacola, Florida. He relies on federal criminal statutes

and does not include any facts about what occurred. The relief that Plaintiff seeks is an "[a]djudicated counterclaim against Canada for 50 Bullion to 1.7 Trillion each fiscal year on the operations of the United States Mint violating Article IX of the United States Constitution." (ECF 1 at 6.)

## DISCUSSION

Under the *in forma pauperis* statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's factual allegations rise to the level of the irrational, and there is no legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte*

and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## ORDER TO SHOW CAUSE

Plaintiff has filed numerous cases in this and other district courts that have been dismissed as frivolous. *See*, *e.g.*, *Epperson v. United States Cong.*, No. 1:23-CV-01687 (KES) (SKO), 2024 WL 1443605, at *3 (E.D. Cal. Apr. 3, 2024) (dismissing as frivolous the complaint, in which plaintiff "appears to suggest various defendants, including deceased former presidents, have taken part in a seditious conspiracy, which amounts to a fanciful allegation"); *Epperson v. United States*, No. 21-CV-2176 (CM) (S.D.N.Y. Apr. 1, 2021) (dismissing complaint as frivolous and warning plaintiff "that if he abuses the privilege of proceeding IFP, he may be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP"); *Epperson v. Alabama Sec. of State*, No. 19-CV-3883 (LLS) (S.D.N.Y. May 23, 2019) (dismissed as frivolous).

Plaintiff also recently filed additional cases in this court that are similar to this one. See, e.g., *Epperson v. House of Assembly*, No. 24-CV-6852 (LTS) (S.D.N.Y. filed Sept. 3, 2024); *Epperson v. Bush*, No. 24-CV-6660 (LTS) (S.D.N.Y. filed Aug. 29, 2024) (suit against former Presidents Bush, Clinton, Obama, and Trump); *Epperson v. United States of America*, No. 24-CV-6619 (LTS) (S.D.N.Y. filed Aug. 20, 2024) (suit against deceased former Presidents Franklin D. Roosevelt, Harry Truman, Richard Nixon, and Lyndon Johnson).

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred as of the date of this order from filing any further actions in this court *in forma pauperis* without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions *in forma paueris* in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to hold this matter open on the docket until resolution of the issue of the potential filing bar.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  September 20, 2024
        New York, New York

/**s**/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge